CHRISTIAN L. RAISNER, Bar No. 133839
ANDREA LAIACONA, Bar No. 208742
LINELLE S. MOGADO, Bar No. 236489
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone: 510.337.1001
Facsimile:  510.337.1023
E-mail:  courtnotices@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CHARLES GILCHRIST AND MATTHEW B. HALLINAN, in their capacities as Trustees of APARTMENT EMPLOYEES PENSION TRUST FUND, and APARTMENT EMPLOYEES WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC. (PROTECH), a Delaware Corporation,<br><br>Defendant. | No.    CV 07 5803 CRB<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>DATE:              April 4, 2008<br>TIME:               10:00 a.m.<br>COURTROOM:  8, 19th Floor |

## I. NOTICE

**TO: DEFENDANT PROFESSIONAL TECHNICAL SECURITY SERVICES, INC. (PROTECH) AND ITS COUNSEL:**

PLEASE TAKE NOTICE that on April 4, 2008, at 10:00 a.m. in Courtroom 8, of the above-captioned court located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA, 94102, Plaintiffs Charles Gilchrist and Matthew B. Hallinan, in their capacities as Trustees of Apartment Employees Pension Trust Fund and Apartment Employees Welfare Fund ("Trust Funds" or "Plaintiffs") will move this Court for an order granting entry of a default judgment for unpaid contributions, interest thereon, and liquidated damages thereon, attorneys' fees and all costs, and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Notice Of Motion And Motion For Default Judgment; MPA                              Case No. CV 07-5803-CRB

for an order compelling Defendant PROFESSIONAL TECHNICAL SECURITY SERVICES, INC. (PROTECH) to forthwith submit to an audit of its books, records, papers and reports for the period May 1, 2004 to the present, as required by the agreements to which Defendant is bound. Plaintiffs further move the Court to order Defendant to pay over to Plaintiffs all unpaid contributions found due under the audit performed for the period of January 1, 2002 to April 30, 2004, liquidated damages, and interest thereon. Plaintiffs also move the Court to retain jurisdiction over this matter to resolve any dispute as to amounts due under the aforementioned audit already performed, and also amounts found due under the audit to be performed for the period of May 1, 2004 to the present.

This motion is brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and is based on the fact that a default was entered against Defendant on February 6, 2008, who failed to respond to the complaint, even though it was timely and properly served on November 26, 2007. Plaintiffs are therefore entitled to entry of default judgment against Defendant under Fed. R. Civ. P. 55(b)(2) by this Court. This Notice and Motion are supported by the accompanying Memorandum of Points and Authorities, Declaration of Elginia Bowers, Declaration of Mary Ann Montoya, Declaration of Linelle S. Mogado, and the [Proposed] Order, all of which are filed concurrently herewith.

## II. MOTION

Plaintiffs, by and through their undersigned counsel, hereby apply, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for judgment by default in their favor and against Defendant for (1) an Order directing Defendants to pay over all amounts due and owing under an audit performed for the period January 1, 2002 to April 30, 2004; (2) an Order directing Defendant to submit to an audit of their books and records, for the period May 1, 2004 to the present, as required by the agreements to which they are bound; (3) upon the completion of the audit, contributions due and owing in amounts to be determined by said audit and interest and liquidated damages thereon; (4) reasonable attorneys' fees, and Plaintiffs' costs of suit; (5) for an order directing and permanently enjoining Defendant to timely submit all required monthly contribution

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Notice Of Motion And Motion For Default Judgment; MPA      Case No. CV 07-5803-CRB

reports and contributions due and owing by Defendant; (6) for this Court to retain jurisdiction; and (7) for such and further relief as to this Court seems just and proper.

The grounds for this application are as follows:

1. The Clerk of the Court entered the Request for Entry of Default on February 6, 2008, against Defendant, for failure to answer or otherwise respond to the complaint herein; and

2. Plaintiffs are entitled to the relief sought herein.

### III. MEMORANDUM AND POINTS OF AUTHORITIES

**A. ISSUES TO BE DECIDED**

The Court must decide the following issues:

1. Must the Court order Defendant to pay the amounts found to be due and owing for audit conducted for the period of January 1, 2002 to April 30, 2004 for delinquent contributions, interest, and liquidated damages thereon in the amount of $31,405.06?

2. Must the Court order Defendant to produce the documents necessary for the Trust Funds to perform their audit for the period May 1, 2004 to the present, since the Trust Agreements require it to submit to the audit?

3. Are the Trust Funds entitled to attorneys' fees and costs related to this matter in the amount of $5,714.50, pursuant to the terms of the Trust Agreements and ERISA section 502(g)(2)?

**B. RELIEF REQUESTED**

The Trust Funds respectfully request that the Court enter a default judgment in favor of the Trust Funds in which it is ordered that: (1) Defendants pay the amounts due and owing resulting from the audit performed for January 1, 2002 to April 30, 2004 in the amount of $31,405.06; (2) Defendants pay the Plaintiffs' attorney's fees and costs relating to this action in the amount of $5,714.50; (3) an injunction is issued from this Court compelling Defendants to forthwith submit to an audit by auditors selected by the Trust Funds, covering the time period beginning May 1, 2004 to the present date, at premises of the Defendant, or location where the records are kept, during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

Notice Of Motion And Motion For Default Judgment; MPA     Case No. CV 07-5803-CRB

books, records, papers, reports of Defendants relevant to the enforcement of the collective bargaining agreement or the Trust Agreements, including, but not limited to, the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120- 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

(4) that an accounting be had between Plaintiffs and Defendant; and (5) that upon completion of the accounting, the Judgment entered by the Court that may be amended by the Plaintiffs to incorporate the outstanding sums ascertained from the audit to be due from Defendants, as well as liquidated damages and interest on said sums, in addition to attorneys fees.

**C.    INTRODUCTION AND RELEVANT FACTS**

ProTech (hereinafter referred to as "Defendant) signed a collective bargaining agreement with the Service Employees International Union Local 1877 ("the Union").  By signing this Collective Bargaining Agreement ("CBA"), Defendant agreed to be subject to all of its terms and conditions as well as to all of the terms, provisions and conditions of the "Apartment Employees Pension Trust" and its amendments and the "Agreement and Declaration of Trust Between Service Employees Union Local No. 14 and Apartment Employers Council of San Francisco" (establishing the Apartment Employees Welfare Fund) and its amendments (collectively, the "Trust Agreements"), as incorporated by the CBA.  In agreeing to be bound to said Agreements, Defendant promised it would contribute and pay to the Trust Funds the hourly amounts required for each hour paid for or worked by any of its employees who performed any work covered by said CBA.  See Declaration of Mary Ann Montoya ("Decl. Montoya"); Complaint, ¶ IV.

Pursuant to the Trust Agreements, Plaintiffs have the authority to audit a contributing employer to determine whether or not said employer is in compliance with its obligations under its collective bargaining agreement. Specifically, Article V, Section 5.02, Subsection 1(b) of both the Pension Trust (Amendment Three) and the Welfare Trust (Amendment Two) provide that the Trustees have the right to permit their representative:

> to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

Notice Of Motion And Motion For Default Judgment; MPA                              Case No. CV 07-5803-CRB

> whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.

*See* Decl. Montoya ¶ 11, Exhs. A-B; Complaint, ¶ V.

Pursuant to Amendment Three of the Pension Trust and Amendment Two of the Welfare Trust, the Trustees adopted procedures regarding Delinquent Contributions, Liquidated Damages, Audits, and Enforcement of Contributions (hereinafter referred to as the "Audit and Collections Procedures"). *See* Decl. Montoya, ¶ 11, Exh. B, Amendment Three. The Trust Agreements and the Audit and Collections Procedures provide for the prompt payment of all employer contributions to said Trust Funds and provide for liquidated damages, not as a penalty, but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses. All employer contributions must be postmarked by the 10th day of each month. The amount of liquidated damages to the Trust Fund resulting from any such failure shall be presumed to be the sum of one-hundred dollars ($100.00) per delinquency or ten percent (10%) of the amount of the contribution or contributions due, whichever is greater. *See* Decl. Montoya ¶ 9, Exhs. A and B; Complaint, ¶ V.

The Audit and Collections Procedures also provide that, effective January 1, 2001, an employer who fails to make prompt payment to the Trust Funds shall pay simple interest on the principal contributions, which shall be accrued at the rate of six-and-a-half percent (6.5%) per annum, compounded monthly, until the principal is paid. *See* Decl. Montoya, ¶ 10, Exhs. A and B, Complaint, ¶ V.

In this case, an audit of the payroll and other pertinent records of Defendant relative to the contributions required to be paid to the Trust Funds was conducted for the period January 1, 2002 through April 30, 2004. The firm Hemming Morse, Inc. conducted the audits for the Funds. *See* Declaration of Elginia Bowers ("Decl. Bowers"). The audit performed by Plaintiffs' auditors showed that Defendant under-reported contributions in the amount of $25,351.20 with regard to the Trust Funds. *See* Decl. Bowers, ¶ 3, Exh. A, and Decl. Montoya, ¶ 13. As a result of these delinquencies, interest at the rate of six-and-a-half percent (6.5%) per annum, compounded

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

Notice Of Motion And Motion For Default Judgment; MPA        Case No. CV 07-5803-CRB

monthly, until paid, and liquidated damages at the rate of ten percent (10%) are also due and owing. The breakdown of these amounts are as follows:

| | |
|---|---:|
| Unpaid Contributions | $25,351.20 |
| Interest | 3,518.67 |
| Liquidated Damages | <u>2,535.19</u> |
| Total Due From Audit | $31,405.06 |

These amounts are now due and owing as a result of the January 1, 2002 through April 30, 2004 audit and are consistent with the Employee Retirement Income Security Act ("ERISA") § 502(g)(2.); 29 U.S.C. § 1132(g)(2). *See* Decl. Montoya, ¶¶ 13, 14, and 15, Exhs. D, E, and F.

Defendant has not submitted to an audit, as requested by the Trust Funds. Decl. Montoya, ¶17. Plaintiffs wish for Defendants to submit to an audit to determine whether its employees performed covered work under the CBA for which contributions are owed to the Trust Funds.

Furthermore, Defendants owe attorney's fees and costs, given that the Trust Agreements provide for the recovery of attorneys' fees and costs in an action to recover a delinquent balance due. Decl. Montoya, ¶18, Exhs. A and B. The Trust Funds have incurred attorney's fees and costs in bringing this action. The estimated total attorneys' fees is $5,076.25. Declaration of Linelle S. Mogado in Support of Motion for Default Judgment ("Decl. Mogado"), ¶ 9. The estimated total costs of suit are $638.25. Decl. Mogado, ¶ 10.

In light of the unpaid known liability owed by Defendants to the Trust Funds and its failure and/or refusal to submit to an audit, on November 15, 2007, the Trust Funds filed suit to obtain an injunction for an audit. *See* Docket No. 1. Defendant was served with the Summons and Complaint on November 26, 2007, s*ee* Docket No. 3, but has not responded to the Complaint. Consequently, at the request of the Plaintiffs, made on January 24, 2008, s*ee* Docket No. 4, the Clerk entered default against Defendants on February 6, 2008. *See* Docket No. 5.

///

///

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -

Notice Of Motion And Motion For Default Judgment; MPA            Case No. CV 07-5803-CRB

**D.    ARGUMENT**

**1.    A Default Judgment In Favor Of Plaintiffs For Unpaid Contributions, Interest, Liquidated Damages, Attorneys Fees, Costs Of Suit And All Other Expenses Incurred In Connection With Delinquencies Is Supported By The Trust Agreements And ERISA**

By signing the CBA with the Union, Defendant agreed to be subject to all of its terms and conditions as well as to all of the terms, provisions and conditions of the Trust Agreements, as incorporated by the CBA.  In agreeing to be bound to said Agreements, Defendant promised it would contribute and pay to the Trust Funds the hourly amounts required for each hour paid for or worked by any of its employees who performed any work covered by said CBA.  Decl. Montoya, ¶¶ 4, 5; Complaint, ¶ IV.

Furthermore, Defendant is required to make said contributions pursuant to ERISA § 515, 29 U.S.C. § 1145, which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Pursuant to the Trust Agreements and CBA, Plaintiffs have the authority to audit a contributing employer to determine whether or not said employer is in compliance with its obligations under its collective bargaining agreement.  Specifically, Article V, Section 5.02, Subsection 1(b) of both the Pension Trust (Amendment Three) and the Welfare Trust ("Amendment Two") provide that the Trustees have the right to permit their representative:

> to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.

See Decl. Montoya ¶ 11, Exhs. A-B; Complaint, ¶ V.

In this case, an audit of the payroll and other pertinent records of Defendant relative to the contributions required to be paid to the Trust Funds was conducted for the period January 1, 2002 through April 30, 2004.  The firm Hemming Morse, Inc. conducted the audits for the Funds.  See

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 7 -

Notice Of Motion And Motion For Default Judgment; MPA        Case No. CV 07-5803-CRB

Declaration of Elginia Bowers ("Decl. Bowers"). The audit of the Trust Funds revealed unpaid contributions in the amount of $25,351.20. See Decl. Bowers ¶ 3, Exh. A.

In addition to the unpaid contributions, Plaintiffs are entitled to interest, liquidated damages, expenses incurred in connection with delinquencies, reasonable attorney's fees and costs of the action pursuant to the Trust Agreements and ERISA. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of
>
> interest on the unpaid contributions, or
>
> liquidated damages provided for under the plan in an amount not in excess of 20 percent […]
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

### 2. Defendant Owes The Trust Funds $31,405.06 In Unpaid Contributions, Liquidated Damages, And Interest For Audit Period January 1, 2002 Through April 30, 2004.

Overall, Defendant owes the Trust Funds $31,405.06 in unpaid contributions, liquidated damages, and interest for the audit period of January 1, 2002 through April 30, 2004.

The audit performed by Plaintiffs' auditors showed that Defendant under-reported contributions in the amount of $25,351.20 with regard to the Trust Funds. See Decl. Bowers, ¶ 3, Exh. A, and Decl. Montoya, ¶ 13. As a result of these delinquencies, interest at the rate of six-and-a-half percent (6.5%) per annum, compounded monthly, until paid, and liquidated damages at the rate of ten percent (10%) are also due and owing. The breakdown of these amounts are as follows:

///

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

Notice Of Motion And Motion For Default Judgment; MPA    Case No. CV 07-5803-CRB

| | |
|---|---:|
| Unpaid Contributions | $25,351.20 |
| Interest | 3,518.67 |
| Liquidated Damages | <u>2,535.19</u> |
| Total Due From Audit | $31,405.06 |

These amounts are now due and owing as a result of the January 1, 2002 through April 30, 2004 audit and are consistent with ERISA § 502(g)(2.). See Decl. Montoya ¶¶ 13, 14, and 15, Exhs. D, E, and F.

### 3. The Trust Funds Have A Right To Compel The Audit At Issue.

As discussed above, Plaintiffs have the authority to audit a contributing employer to determine whether or not said employer is in compliance with its obligations under its collective bargaining agreement. Specifically, the Audit and Collections Procedures (Amendment Three of the Pension Trust and Amendment Two of the Welfare Trust) provide the Plaintiffs with such authority. See Decl. Montoya, ¶ 11, Exhs. A-B; Complaint, ¶ IV. The Trust Agreement gives the Trust Funds the right to conduct an audit Defendants' books and records. The Trust Agreements specifically provide that the Trustees have the right to permit their representative:

> to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.

See Decl. Montoya ¶ 11, Exhs. A-B; Complaint, ¶ V. For the period of May 1, 2004 to the present, the Trust Funds have not conducted an audit of Defendant's books and records. Without an audit, the Trust Funds are unable to determine the exact amount of delinquent contributions, if any, that are owed to the Trust Funds on behalf of Defendant. See Decl. Montoya, ¶ 20; Complaint, ¶¶ V, XXII, XXIII.

Where a collective bargaining agreement, as here, gives Trustees of an employee benefit plan the right to audit an employer's books and records, it will be enforced. <u>Central States Southeast and Southwest Areas Pension Fund v. Central Transport Inc.</u>, 472 U.S. 559 (1985) <u>Reh'g denied</u> 473 U.S. 926 (1985); <u>Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp</u>, 920

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 9 -

Notice Of Motion And Motion For Default Judgment; MPA          Case No. CV 07-5803-CRB

F.2d 1491 (9th Cir. 1990), cert. denied, 501 U.S. 1232 (1991). Similarly, the Trust Fund documents, to which Defendant has bound itself, provide basis for compelling the Defendant to comply with the trust fund's audit requirements. *See* Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. BDR, Inc., No. 05-CV 1385 (NAM/GHL), 2006 U.S. Dist. LEXI 70967, at *9 (N.D.N.Y. Sept 29, 2006). An injunction compelling such audit is appropriate in light of ERISA, 29 U.S.C. § 1132(g)(2)(E), as long as the audit is specific to determining whether the required contributions are due and owing. *See* International Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F. Supp. 2d 26, 31 (D.D.C. 2002).

Therefore, Plaintiffs are requesting an order directing Defendant to submit to an audit of its books and records, for the period of May 1, 2004 to the present, as required by the collective bargaining agreement to which Defendant is bound and that upon the completion of the audit, for payment of any contributions discovered by said audit with interest and liquidated damages thereon. Plaintiffs are also requesting for this Court to retain jurisdiction of this matter to enforce the order compelling an audit and payment of all amounts found due and owing. Such retention of jurisdiction is appropriate. *See* Walters, 2004 U.S. Dist. LEXIS 11992, at *11-12); Carpenters 46 Northern Cal. Counties Conference Bd. V. San Jose Woodworking, Inc. No. C00-4690 THE, 2001 WL 1671056 (N.D. Cal. Aug. 14, 2001)..

**4.     Plaintiffs Are Entitled to Attorneys' Fees, Costs, And Audit Fees.**

Pursuant to the Trust Agreements and ERISA § 502(g)(2), Plaintiffs are entitled to reasonable attorneys' fees, court costs, audit costs, and all other reasonable expenses incurred in connection with the delinquency. Because courts generally award attorneys' fees based on such contractual authorization, the Defendant should be liable for the reasonable cost of attorneys' fees and costs incurred by the Trust Funds in seeking to collect the delinquencies. *See* Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115, 1120 (9th Cir. 1985). Moreover, as fiduciaries prevailing in a § 1145 claim, the Trust Funds are entitled to a mandatory award of attorneys' fees under ERISA §502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 10 -

Notice Of Motion And Motion For Default Judgment; MPA         Case No. CV 07-5803-CRB

The amounts of fees and costs is capable of being ascertained and is reasonable. Plaintiffs referred the matter to the Trust Funds' counsel, Weinberg, Roger & Rosenfeld, for suit. A Declaration specifically documenting the time spent by the Trust Funds counsel is provided herewith. *See* Decl. Mogado. To date, the total amount of attorneys' fees is $5,706.25, and costs of suit are presently $638.25. Decl. Mogado, ¶¶ 4, 10. Therefore, Plaintiffs are requesting attorneys' fees and costs in the amount of $5,714.50. Id.

Costs of audit are also required by the Trust Agreements, specifically as provided for in Article V, Section 5.02, Subsection 1(b) of both the Pension Trust (Amendment Three) and the Welfare Trust (Amendment Two):

> In the event an audit or review of any Employer's contributions to the Fund discloses the Employer has paid less than 90% of the contributions actually due and owing, then in addition to any other fees, costs or liquidated damages owing the Employer shall be liable to the Fund for the full cost of such audit or review.

Decl. Montoya ¶ 11, Exhs. A-B; Complaint, ¶ V. Plaintiffs also request audit costs in the amount of $9,558.34.

A supplemental declaration will be provided to the Court at the hearing, which will detail the additional attorneys' fees and costs incurred since the filing of this motion. Decl. Mogado ¶¶ 2-11; Decl. Bowers, ¶ 5, Exhs. B and C, and Decl. Montoya, ¶ 18, Exh. B.

**5.      Default Judgment Is Proper In This Case, As Defendant Has Not Appeared.**

Under Rule 55(b)(2) of the Federal Rules of Civil Procedures (F.R.C.P.), Default Judgment is proper against a defendant who does not appear where the claim is for a sum certain or one that can be made certain by computation. Combs v. Col & Mineral Mgmt. Serv., Inc., (Dist. Ct. DC 1984) 105 F.R.D 472, 474). The amounts sought here, summarized in the foregoing Section III, B (page 3), set forth the sums certain, or which can be made so by computation.

Defendant was timely served with the complaint on November 26, 2007, but failed to answer the complaint. *See* Docket No. 3. On January 24, 2008, Plaintiffs requested Entry of Default against Defendant. *See* Docket No. 4. Defendant was served with this request. Id. The Clerk entered default against Defendant on February 6, 2008. *See* Docket No. 5. See Decl.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 11 -
Notice Of Motion And Motion For Default Judgment; MPA      Case No. CV 07-5803-CRB

Mogado, ¶ 3. After entry of default, a court may grant a default judgment on the merits of the case, as long as the defendant is not an infant or incompetent person, person in military service, or person otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. See F.ed. R. Civ. P. 55(b)(1); 50 App. E.S.C. § 521. Since service was effectively made upon the individual listed as the Agent for Service of Process for Defendant, it is in the court's discretion to determine whether a default judgment is appropriate. *See* Decl. Mogado, ¶ 11; *see* also Docket No. 3. *See* Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has established factors to be considered in determining whether a default judgment is proper:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In cases where default is entered, the Court must take all factual allegations in the Complaint as true, apart from those related to the amount of damages, for the purposes of the instant motion. *See* Televideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Analysis of these factors shows that Trust Funds' Motion should be granted. No response has been made by Defendant in response to several demands for the monies owing. See Decl. Montoya, ¶ 15, Exh. F; ¶ 16, Exh. G. No appearance has been made by Defendant in this case, no Answer to Complaint was filed, and no attempt has been made to reach the Trust Funds' attorneys to discuss settlement. Defendant was notified of the Request for Default. *See* Decl. Mogado § 3. This all shows that it is unlikely that there is any dispute as to the material facts as alleged in the Complaint, and that there is no basis for arguing excusable neglect on the part of Defendant. Here, if Default Judgment is not entered in favor of the Trust Funds, what remedy remains? *See* Walters v. Shaw/Guehnemann Corp., No. C 03-04058 WHA, 2004 U.S. Dist LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) (finding that denial of motion for default judgment leaves plaintiffs without remedy, with prejudice a likely result given merits). The Trust Funds' claim is meritorious, and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 12 -

Notice Of Motion And Motion For Default Judgment; MPA    Case No. CV 07-5803-CRB

1  without a remedy granted pursuant to this motion, prejudice too, would be a likely result. The

2  Trust Funds recognize that the amounts due are not small, initially close to $25,000, but they

3  continue to increase as time moves on and Defendant fails to respond.

4  Here, Trust Funds' claims are meritorious and well-supported. Defendant is bound by the

5  Collective Bargaining Agreement and the Trust Agreements. See Decl. Montoya ¶ 4; Complaint,

6  ¶ IV. Defendant promised to contribute and pay to Plaintiffs the hourly amounts required by said

7  Agreements for each hour paid for or worked by any of its employees who performed any work

8  covered by said Agreements, and that it would be subject to and bound by all of the terms,

9  provisions and conditions of the Trust Agreements as incorporated by the terms of the Collective

10  Bargaining Agreement, including audit entry. Decl. Montoya, ¶ 5. Amounts due and owing to

11  audit performed were sought from Defendant through the Trust Agreements' Audit and Collections

12  Procedures, and audit was sought, with no response. Id. at ¶¶7-17. Plaintiffs are left with no

13  choice except to pursue this action, and this Motion for Default Judgment. Pursuant to these

14  Agreements and the points made in this Memorandum, Plaintiffs' Motion for Default Judgment

15  requests entry of judgment in their favor for delinquent contributions, plus interest and liquidated

16  damages thereon, audit entry, costs of audit, and attorneys' fees and costs. The sums sought are

17  certain or capable of being made certain.

18  Plaintiffs also request that the Court maintain jurisdiction over this action to enforce the

19  Order compelling payment of amounts due, an audit, and payment of all amounts found due and

20  owing. Accordingly, Plaintiffs request that Judgment be entered in their favor according to the

21  terms of the Agreements.

### IV.  CONCLUSION

For all of the reasons set forth above, a judgment by default is appropriate in this case.

Dated: February 20, 2008            WEINBERG, ROGER & ROSENFELD
                                    A Professional Corporation

                                    By:  /s/Linelle S. Mogado
                                         CHRISTIAN L. RAISNER
                                         ANDREA LAIACONA
                                         LINELLE S. MOGADO
                                         Attorneys for Plaintiffs

116462/484501

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 13 -

Notice Of Motion And Motion For Default Judgment; MPA                Case No. CV 07-5803-CRB