1  CHRISTIAN L. RAISNER, Bar No. 133839
   ANDREA LAIACONA, Bar No. 208742
2  LINELLE S. MOGADO, Bar No. 236489
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone:  510.337.1001
5  Facsimile:  510.337.1023
   E-mail:  courtnotices@unioncounsel.net
6
   Attorneys for Plaintiffs
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              (SAN FRANCISCO DIVISION)

11 CHARLES GILCHRIST AND MATTHEW B. ) No.    CV 07-5803-CRB
   HALLINAN, in their capacities as Trustees of )
12 APARTMENT EMPLOYEES PENSION )
   TRUST FUND, and APARTMENT ) **DECLARATION OF MARY ANN**
13 EMPLOYEES WELFARE FUND, ) **MONTOYA IN SUPPORT OF**
                                       ) **PLAINTIFFS' MOTION FOR**
14              Plaintiffs, ) **DEFAULT JUDGMENT**
                                       )
15      v. ) DATE:        April 4, 2008
                                       ) TIME:        10:00 a.m.
16 PROFESSIONAL TECHNICAL SECURITY ) COURTROOM:  8, 19th  Floor
   SERVICES, INC. (PROTECH), a Delaware )
17 Corporation, )
                                       )
18              Defendant. )
   _____)

19      I, Mary Ann Montoya, hereby declare:

20      1.      I am an Employer Controller at Allied Administrators, which is the Fund

21 Administrator for the Apartment Employees Pension Trust Fund and Apartment Employees

22 Welfare Fund ("Trust Funds").  I have held this position since 1971.  I am responsible for the

23 collection of fringe benefit contributions owed as they are submitted to my office as the Fund

24 Administrator.  I have personal knowledge of the matters stated in this Declaration, and I could and

25 would testify as to them if called upon to do so at trial.

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Declaration of Mary Ann Montoya in Support of Motion for Default Judgment

Case No. CV 07-5803-CRB

2.      In the regular course of business, I, as the Fund Administrator, maintain copies of all records related to the Trust Funds, including the trust agreements, collective bargaining agreements, Board of Trustees' minutes, and audit policies.

3.      The Trust Funds have a collection file for Professional Technical Security Services, Inc. ("ProTech") since it is a delinquent employer.  I am familiar with this file.

4.      The Apartment Employees Pension Trust Fund and Apartment Employees Welfare Fund were created by trust agreements. Attached hereto as Exhibit ("Exh.") "A" is a true and correct copy of the "Apartment Employees Pension Trust" and its amendments ("Pension Trust"). Attached hereto as Exhibit "B" is a true and correct copy of the "Agreement and Declaration of Trust Between Service Employees Union Local No. 14 and Apartment Employers Council of San Francisco" and its amendments, establishing the Apartment Employees Welfare Fund ("Welfare Trust").  Exhibits A and B are jointly referred to as the "Trust Agreements."

5.      By signing a written collective bargaining agreement with the Service Employees International Union Local 1877, Defendant has been bound to all its terms and conditions for the relevant time period in this case, which is from 2002 to the present.  Attached hereto as Exhibit "C" is a true and correct copy of the signed collective bargaining agreement.

6.      Pursuant to the collective bargaining agreement, Defendant promised it would contribute and pay to Trust Funds the hourly amounts required for each hour paid for or worked by any of its employees who performed any work covered by said Agreement, and that it would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements as incorporated by the terms of the collective bargaining agreement.  See Exh. C, Section 23 (p. 9).

7.      Amendment Three to the Pension Trust adopted procedures revising Article V, Section 5.02 regarding Delinquent Contributions, Liquidated Damages, Audits, and Enforcement of Contributions.  See Exh. A, "Amendment Three."

8.      The Welfare Trust adopted the same procedures.  See Exh. B, "Amendment Two." Section 4(r) (pg. 8-9); Section 7 (p. 11), and Article IV (pgs. 14-15).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Declaration of Mary Ann Montoya in Support of Motion for Default Judgment

Case No. CV 07-5803-CRB

9.      The Trust Agreements and their amendments provide for the prompt payment of all employer contributions to said Trust Funds and provide for liquidated damages, not as a penalty, but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses.  All employer contributions must be made on or before the 10th day of each month**.**  The amount of liquidated damages to the Trust Fund resulting from any such failure shall be presumed to be the sum of one-hundred dollars ($100.00) per delinquency or ten percent (10%) of the amount of the contribution or contributions due, whichever is greater.  See Exh. A, "Amendment Three" (p. 1); Exh. B, Amendment Two (p. 1).

10.      The Trust Agreements also provide that, effective June 1, 1994, an employer who fails to make prompt payment to said Trust Funds shall pay simple interest on the principal contributions, which shall be accrued at the rate of six and a half percent (6.5%) per annum, compounded monthly, until the principal is paid.  See Exh. A, "Amendment Three" (p. 1); Exh. B, Amendment Two (p. 1).

11.      The Trust Agreements provide that the Trustees have the right to permit their representative "to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund."  The Trust Agreements also provide that the "Trustees shall have the power. . . to demand and enforce the prompt payment of contribution to the Fund."  See Exh. A, "Amendment Three", (Section 1(b)(1) (pg 2)); Exh. B, Amendment Two, (Section 1(b)(1) (pg 2).

12.      The Trust Agreements also state:

> In the event an audit or review of any Employer's contribution to the Fund discloses the Employer has paid less than 90% of the contributions actually due and owing, then in addition to any other fees, costs or liquidated damages owing the Employer shall be liable to the Fund for the full cost of such audit or review.

See Exh. A, "Amendment Three", (Section 3 (pg 2)); Exh. B, Amendment Two, (Section 3 (pg 2).

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Declaration of Mary Ann Montoya in Support of Motion for Default Judgment

Case No. CV 07-5803-CRB

1       13.     I received a copy of the audit report prepared by the auditor firm of Hemming

2   Morse, for the period January 1, 2002 to April 30, 2004.  According to said report, the total fringe

3   benefit contributions due to the Trust Funds is $31,405.06.  For the period January 1, 2002 to April

4   30, 2004, liquidated damages are due and owing to the Trust Funds because $25,351.20 in fringe

5   benefit contributions were not paid to said Fund.  Employer contributions must be made on or

6   before the 10th day of the month in which they are due.  Protech was assessed 10% of the total of

7   contributions due.  Outstanding interest for the period of January 1, 2002 to April 30, 2004 is also

8   listed in the summary below:

9       Delinquent Contributions            Interest        Liquidated Damages

10      $25,351.20                          $3,518.67           $2,535.19

11      Attached hereto as Exhibit "D" is a true and correct copy of the Trust Funds' worksheet,

12  showing breakdown and calculations.

13      14.     The Audit Report and demand were sent to Defendant requesting payment of these

14  delinquent contributions, liquidated damages and interest to the Trust Funds.  Attached hereto as

15  Exhibit "E" is a true and correct copy of said demand letter.

16      15.     Subsequent demand was made in October 2005.  Attached hereto as Exhibit "F" is a

17  true and correct copy of said demand letter.

18      16.     Demand was also made by the Trust Funds' counsel in July 2007.  Attached hereto

19  as Exhibit "G" is a true and correct copy of said demand letter.

20      17.     For the period of May 1, 2004 to the present, the Trust Funds have not conducted an

21  audit of ProTech's books and records to determine the exact amount of contributions due and

22  owing to the Trust Funds.  Without an audit, the Trust Funds will be unable to determine the exact

23  amount of delinquent contributions due and owing to the Trust Funds on behalf of ProTech.

24      18.     The Trust Agreements, attached hereto as Exhibits "A" and "B", provide that in the

25  event any suit with respect to any of said contributions or payments was filed against said

26  employer for delinquencies, they would pay reasonable attorneys' fees, court costs, audit costs and

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

Declaration of Mary Ann Montoya in Support of Motion for Default Judgment

Case No. CV 07-5803-CRB

1   all other reasonable expenses incurred in connection with such suit, including any and all appellate

2   proceedings therein.  See Exh. A, "Amendment Three" (p. 1); Exh. B, Amendment Two (p. 1).

3        19.    The invoices to the Trust Funds for the costs of audit of Hemming Morse are

4   attached to the accompanying "Declaration of Elginia Bowers In Support of Plaintiffs' Motion for

5   Default Judgment" as Exhibit B.

6        20.    For the period of May 1, 2004 to the present, the Trust Funds have not conducted an

7   audit of the Defendant's books and records to determine the exact amount of contributions due and

8   owing to the Trust Funds.  Without an audit, the Trust Funds will be unable to determine the exact

9   amount of delinquent contributions due and owing to the Trust Funds on behalf of the Defendant.

10        I declare under penalty of perjury that the foregoing is true and correct.  Executed this

11   19th day of February 2008, in San Francisco, California.

13

14                    /s/ Mary Ann Montoya

                 MARY ANN MONTOYA

16   116462/483437

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Declaration of Mary Ann Montoya in Support of Motion for Default Judgment

Case No. CV 07-5803-CRB